UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. HUGHES, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22 CV 1375 CDP |
| | ) |
| TEAM CAR CARE LLC, | ) |
| d/b/a Jiffy Lube, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff William A. Hughes, II, brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, alleging that defendant Team Car Care LLC unlawfully failed to promote him and ultimately terminated him because of his race and, further, retaliated against him for engaging in protected conduct. Defendant moves for an order compelling arbitration, arguing that the parties' Mutual Arbitration Agreement encompasses the claims Hughes raises in this litigation. Because there is a genuine issue of material fact as to whether an arbitration agreement exists between the parties, I will set the matter for an evidentiary hearing to determine that factual question and will hold defendant's motion in abeyance until the question is resolved.

## Background

Hughes proceeds in this action pro se. I therefore give liberal construction to

his complaint.

Hughes is an African American who was employed at Team Car Care/Jiffy Lube from February 15, 2011, to April 13, 2020. He began his employment in 2011 as an assistant manager at one of defendant's locations in Maplewood, Missouri. The following year, he was transferred to a location in Manchester, Missouri, as an inspector. During his tenure at the Manchester location, Hughes made several complaints of discrimination and retaliation to the corporate office, district management, and his supervisors, who were white. He also reported that the general manager and district manager violated company policy. In September 2019, Hughes reported violations of company policy to a human resources specialist, and Hughes avers that remarks made by the specialist in an email showed that the defendant had knowledge of historical discrimination and policy violations.

Hughes alleges that in November 2019, after he made his complaints, defendant retaliated against him by removing the inspector position at the Manchester location. Hughes contends that defendant's promise that he would be promoted to the mechanic position at another location was pretext, given that that position was given to a white person with less qualifications and seniority than him. Hughes continued to work as a technician, and he continued to complain about discriminatory treatment.

Hughes made additional complaints in March 2020 after which he was laid off and told to file for unemployment benefits. Defendant terminated Hughes's

employment on April 13, 2020.   On November 30, 2020, Hughes filed a Charge of Discrimination.   The EEOC issued a Notice of Right to Sue on September 27, 2022.

Defendant contends that Hughes's claims of discrimination and retaliation must be submitted to arbitration pursuant to defendant's Mutual Arbitration Policy that Hughes electronically acknowledged on February 27, 2020.   In response, Hughes challenges the existence of an arbitration agreement, averring that he never saw the Arbitration Policy and never signed it.

## Legal Standard

When reviewing a motion to compel arbitration, a district court "must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement."   *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016).   "The party asserting the existence of a valid and enforceable contract to arbitrate bears the burden of proving that proposition."   *Pinkerton v. Technical Educ. Servs., Inc.*, 616 S.W.3d 477, 481 (Mo. Ct. App. 2020) (citing *Sniezek v. Kansas City Chiefs Football Club*, 402 S.W.3d 580, 583 (Mo. Ct. App. 2013)); *M.A. Mortenson Co. v. Saunders Concrete Co., Inc.*, 676 F.3d 1153, 1157 (8th Cir. 2012) (state contract law governs whether an enforceable arbitration agreement exists).

A party's assertion that he did not see or assent to an arbitration agreement is a challenge to the agreement's existence.   *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 438 (Mo. banc 2020).   The existence of the agreement to arbitrate is a

prerequisite to compelling arbitration. *Id.* at 439. Issues relating to the existence of an arbitration agreement are factual. *Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 321 (Mo. Ct. App. 2022). And when there are factual disputes regarding the existence of an arbitration agreement, I must conduct an evidentiary hearing to determine whether an agreement exists. *Theroff*, 591 S.W.3d at 436; *see also Ramsey v. H&R Block Inc.*, No. 18-00933-CV-W-ODS, 2019 WL 2090691, at *6 (W.D. Mo. May 13, 2019) (in the absence of a demand for jury trial on disputed arbitration issue, court decides issue) (citing 9 U.S.C. § 4).

## Discussion

In support of its motion to compel arbitration, defendant has submitted an unsigned Mutual Arbitration Policy[1]; an electronically generated Policy Acknowledgement Status Report depicting Hughes's employee information and entries dated February 27, 2020, indicating electronic acknowledgements of several policies, including a Mutual Arbitration Policy[2]; and the affidavits of its senior HRIS[3] analyst, Brad Vantine, who attests that only Hughes could have electronically acknowledged the Mutual Arbitration Policy as indicated because only Hughes had access to his unique user ID and password needed to execute the acknowledgement.[4]

---

[1] Mot. to Compel Arb., Exh. A, ECF 12-1.

[2] *Id.*, Exh. B, ECF 12-2.

[3] Human Resources Information System.

[4] Mot. to Compel Arb., Exh. C, ECF 12-3; Reply, Exh. A, ECF 15-1.

Although defendant asserts in its memorandum that Hughes accepted the arbitration agreement by "clicking 'Submit'" after electronically acknowledging the terms of the agreement (ECF 12 at p. 6), no evidence before the Court supports this averment, including the specific evidence defendant cites, *i.e.*, the Policy Acknowledgement Status Report.

Contrary to defendant's assertions, Hughes unequivocally states that he never saw the Arbitration Policy or executed it.   And in response to Vantine's attestations that only Hughes could have electronically acknowledged the Policy, Hughes states that he has personally witnessed management inputting employee information into the computer system and updating employee profiles, appearing to suggest that it was management who electronically executed his acknowledgement of the Policy on February 27, 2020, and not him.

Where a dispute on a motion to compel arbitration exists and the parties rely on matters outside the pleadings to argue the question, I apply a summary judgment standard in determining the question; that is, I view the evidence and resolve all factual disputes in the nonmoving party's favor.  *Nebraska Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 742 (8th Cir. 2014); *see also Ramsey*, 2019 WL 2090691, at *6.  Although defendant is correct that a party opposing a motion to compel arbitration cannot rest on general denials of facts or rely on only unsupported, speculative assertions to create an issue of fact, *see Young v. Hoogland Foods, LLC*, No. 4:19 CV 456 CDP, 2020 WL 555106, at *2 (E.D. Mo. Feb. 4, 2020); *Tinder v.*

*Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002), *cited approvingly in Nebraska Mach. Co.*, 762 F.3d at 737, Hughes's denials here are neither general nor speculative. Hughes specifically and unequivocally states that he did not see the Arbitration Policy or sign it. This is not a situation where the party opposing arbitration "does not recall" seeing an arbitration agreement or "does not remember" signing it. *Cf. Young*, 2020 WL 555106, at *2; *Franklin v. Cracker Barrel Old Country Store*, No. 4:17-cv-00289-JMB, 2017 WL 7691757, at *2 (E.D. Mo. Apr. 12, 2017). And, from Hughes's statement that he personally observed management access employees' computer records, it is not unreasonable to infer that someone other than Hughes may have accessed his file to "acknowledge" the Arbitration Policy. Regardless, under Missouri contract law, mere acknowledgement of an arbitration agreement does not constitute an unequivocal acceptance of its terms as required to create a contract. *Shockley v. PrimeLending*, 929 F.3d 1012, 1019 (8th Cir. 2019); *Trunnel v. Missouri Higher Educ. Loan Auth.*, 635 S.W.3d 193, 202 (Mo. Ct. App. 2021) (mere acknowledgement of receipt of policy does not express assent to any terms contained in the policy).

I am aware that unsworn, self-serving statements are insufficient by themselves to create genuine issues of fact that would otherwise preclude compelled arbitration. Given that Hughes is proceeding pro se in this action, that his unsworn statements are neither general denials nor speculative facts, and that defendant's evidence of Hughes's "acknowledgement" is insufficient to show Hughes's acceptance of the

- 6 -

arbitration agreement, I will set this matter for an evidentiary hearing so that the parties may present evidence, which may include sworn testimony, on the issue of whether an arbitration agreement exists between the parties.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is set for an **evidentiary hearing** on **Wednesday, May 31, 2023 at 1:30 p.m.**, at the Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102, in **Courtroom 16-South,** on the sole of issue of whether an arbitration agreement exists between the parties.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th of May, 2023.