UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. HUGHES, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22 CV 1375 CDP |
| ) | |
| TEAM CAR CARE LLC, ) | |
| d/b/a Jiffy Lube, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff William A. Hughes, II, brings this Title VII employment discrimination action against his former employer, defendant Team Car Care LLC, d/b/a Jiffy Lube, claiming he was denied promotion and was terminated on account of his race and in retaliation for engaging in protected conduct. Defendant moves to compel arbitration, asserting that its Mutual Arbitration Policy covers the claims raised in this litigation. In response, plaintiff claims that he never saw the Arbitration Policy and never signed it. Given the factual issue as to whether an arbitration agreement exists between the parties, I held an evidentiary hearing on this question alone. Upon consideration of the evidence adduced, I conclude that defendant failed to meet its burden to prove the existence of a valid arbitration agreement. I will therefore deny its motion to compel arbitration.

**Legal Standard**

As the party seeking to compel arbitration, defendant has the burden to prove a valid and enforceable agreement. *Pinkerton v. Technical Educ. Servs., Inc.*, 616 S.W.3d 477, 481 (Mo. Ct. App. 2020) (citing *Sniezek v. Kansas City Chiefs Football Club*, 402 S.W.3d 580, 583 (Mo. Ct. App. 2013)). Existence of an agreement to arbitrate is a prerequisite to compelling arbitration. *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 438-39 (Mo. banc 2020). State contract law governs whether an enforceable arbitration agreement exists. *M.A. Mortenson Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1157 (8th Cir. 2012).

For an agreement to exist under Missouri contract law, there must be an offer, acceptance, and consideration. *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014). At issue here is whether Hughes accepted the Arbitration Policy that defendant offered. An acceptance is present when the offeree signifies assent to the terms of the offer in a "positive and unambiguous" manner. *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019) (quoting *Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 545 (Mo. Ct. App. 2011)). In determining whether a positive and unambiguous acceptance occurred, "the critical question . . . is whether the signals sent by [Hughes] to [defendant] objectively manifested [his] intent to be presently bound" to the agreement. *Id.* at 1019 (internal quotation marks omitted). Mere knowledge of an agreement or awareness of its terms does

not constitute the positive, unambiguous, and unequivocal acceptance that Missouri law requires.  *Id.*

Viewing the facts and evidence in the light most favorable to Hughes, the nonmoving party, *see Nebraska Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 742 (8th Cir. 2014), I conclude that defendant failed to meet its burden of showing the existence of an arbitration agreement between itself and Hughes.  Having had the opportunity to review the documentary evidence submitted and to see and hear the testimony of the witnesses, to observe their demeanor, and to consider matters reflecting on their credibility, I find that Hughes did not accept defendant's Mutual Arbitration Policy.  At best, he acknowledged the Policy, which does not constitute an acceptance under Missouri law.

## Evidence Before the Court on the Motion

In support of its motion to compel arbitration, defendant submitted an unsigned Mutual Arbitration Policy; an electronically generated Policy Acknowledgement Status Report depicting Hughes's employee information and entries dated February 27, 2020, indicating electronic acknowledgements of several policies, including a Mutual Arbitration Policy; and the affidavits and live testimony of defendant's senior HRIS[1] analyst, Brad Vantine, who testified that only Hughes could have electronically acknowledged the Mutual Arbitration

---

[1] Human Resources Information System.

Policy as indicated because only Hughes had access to his unique user ID and password needed to execute the acknowledgements.  Defendant also presented Hughes's electronically generated timecard for February 26-28, 2020; and the live testimony of witness Joe Shrader, Hughes's manager at Team Car Care in February 2020, who testified that he directed plaintiff on February 27, 2020, to review Team Car Care's policy documents on the computer at his leisure and to return to the work floor when his review was complete.  Shrader testified that work time was afforded to Hughes to conduct such review, but he could not attest as to what Hughes actually did during that time.

     Hughes testified at the hearing that he never saw the Arbitration Policy and that Shrader never directed him to review defendant's policies on the computer. Hughes also testified that he was provided employment information and policies through email and that anything requiring his assent was provided to him in paper form for a handwritten signature.  He testified and submitted documentary evidence that he received a copy of an employee handbook in April 2019 that was attached to an email sent by defendant's human resource representative.  Hughes testified that he did not know whether defendant's Arbitration Policy was in the handbook but that if it was, he would have only scanned it.[2]  He testified that other than the emailed handbook in April 2019, he did not receive any employment-

---

[2] Neither party submitted the handbook to the Court.

related policies through the computer and never accepted any policies by computer.  He never clicked a box on a computer screen that indicated he received or accepted any policies.  Nor did he electronically sign any policy on a computer.

## Discussion

In *Shockley*, the employer maintained a computer network that contained employment-related information, including a handbook that contained an arbitration policy.  The computer system informed employees that by entering the internal system, they were acknowledging their review of the material.  Clicking on a document, including the handbook, automatically generated an "acknowledgement" of the document's review.  929 F.3d at 1016, 1019.  During her employment, Shockley accessed this section of her employer's computer network and clicked on and opened various company documents, including the handbook, but she did not recall reviewing the handbook and there was no evidence that she opened the handbook or reviewed its full text.  *Id.* at 1016.  The Eighth Circuit stated that that evidence showed, at best, that Shockley acknowledged the existence of the agreement and was aware of its terms.  *Id.* at 1019.  Applying Missouri contract law, the Eighth Circuit held that Shockley's "mere review of the subject materials did not constitute an acceptance on her part" because "[a]n acknowledgement of a review of offered terms alone does not evince an intent to accept those terms." *Id.* (citing *Jackson v. Higher Educ. Loan Auth. of*

*Mo.*, 497 S.W.3d 283, 290 (Mo. Ct. App. 2016)).

We have the same circumstance here. First, the handbook that defendant provided to Hughes in April 2019 was not submitted to the Court, so there is no evidence or information before the Court indicating whether the Mutual Arbitration Policy was included in that handbook. Regardless, mere review of company policies, whether in a handbook or via computer does not constitute acceptance of any purported offer made in those policies. *Shockley*, 929 F.3d at 1019-20; *Trunnel v. Missouri Higher Educ. Loan Auth.*, 635 S.W.3d 193, 202 (Mo. Ct. App. 2021) (mere acknowledgement of a policy does not express assent to any of its terms); *Jackson*, 497 S.W.3d at 290 (employee's acknowledgement of receipt of employer's arbitration policy "does not suddenly transmute the ADR Policy into an acceptance of an offer."). Moreover, Hughes testified unequivocally that he did not receive or review the Arbitration Policy. The only evidence defendant offers to show otherwise is 1) a computer-generated "acknowledgement" of the Policy indicated on Hughes's electronic personnel file; and 2) manager Shrader's testimony that he instructed Hughes to "review" the company policies, which included the Arbitration Policy. Tellingly, Shrader admits that he does not know whether such review took place. This evidence shows, *at best*, that Hughes *may* have reviewed the Policy. But review and acknowledgement of a policy does not constitute acceptance.

As in *Shockley*, the evidence before the Court shows, at best, that Hughes acknowledged the existence of the Mutual Arbitration Policy. There is no evidence that he actually reviewed the Policy; indeed, on the facts before the Court, he may not have even seen it. Critically, however, even if Hughes reviewed the Policy, there is no evidence that he positively, unambiguously, and unequivocally accepted its terms. "The absence of proof of unequivocal acceptance of an agreement to arbitrate renders the provision unenforceable." *Shockley*, 929 F.3d at 1020. Because the evidence before the Court fails to show that Hughes accepted the Mutual Arbitration Policy as required under Missouri law, there is no enforceable agreement to arbitrate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Team Car Care LLC, d/b/a Jiffy Lube's Motion to Compel Arbitration [11] is **DENIED**.

Defendant shall answer plaintiff's complaint within the time prescribed by the Federal Rules of Civil Procedure.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2023.